JMS:DEL/APW/JKW/JBD
F. #2020R00851

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

MARTIAL H. AMILCAR,
    also known as "Drippy," and
█████████████████████████

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

Filed Under Seal
File Date: January 11, 2023
Case Number: 23-cr-00018
Judge Pamela K. Chen
Magistrate Judge Marcia M. Henry

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 924(d)(1), 924(j)(1), 2
  and 3551 et seq.; T. 21, U.S.C.,
  § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Enterprise

1.      The Hyena Crips gang (the "Hyena Crips" or the "Enterprise") was a violent street gang with members principally located in Brooklyn, New York.   Members and associates of the Hyena Crips engaged in acts involving murder, assault, robbery, narcotics trafficking, access-device offenses and other crimes.

2.      The Hyena Crips, including its leadership, members and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The Enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.     The Hyena Crips, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) act and threats involving murder that are chargeable under New York State Penal Law and punishable by imprisonment for more than one year; (b) acts and threats involving robbery that are chargeable under New York State Penal Law and punishable by imprisonment for more than one year; (c) offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and (d) acts indictable under Title 18, United States Code, Sections 1028 and 1029.

### Purposes of the Enterprise

4.     The purposes of the Enterprise included the following:

(a)     promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(b)     preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including acts involving murder, robbery and assault;

(c)     keeping victims and rivals in fear of the Enterprise and its members and associates through acts of violence and threats of violence, including acts involving murder and assault;

(d)     enriching the members and associates of the Enterprise through criminal activity, including narcotics trafficking, robbery and access-device offenses; and

(e)      concealing the activities of the Enterprise from law

enforcement.

Means and Methods of the Enterprise

5.      Among the means and methods by which the members and associates

of the Enterprise conducted and participated in the conduct of the affairs of the Enterprise

were the following:

(a)      members and associates of the Enterprise committed, attempted

to commit, agreed to commit and threatened to commit acts of violence, including acts

involving murder, robbery and assault, to enhance the Enterprise's prestige and protect and

expand the Enterprise's criminal operations;

(b)      members and associates of the Enterprise used and threatened to

use physical violence against various individuals, including members of rival criminal

organizations or associates believed to have violated the rules of the Enterprise; and

(c)      members and associates of the Enterprise used, attempted to use

and conspired to use narcotics trafficking, robbery and access-device offenses as means of

obtaining money.

The Defendants

6.      The defendants MARTIAL H. AMILCAR, also known as "Drippy,"

████████████████████████████████████████████████████ were

members of the Hyena Crips.

THE MURDER OF SAMUEL JOSEPH
THROUGH THE USE OF A FIREARM

7.      The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.      On or about February 22, 2019, within the Eastern District of New York and elsewhere, the defendants MARTIAL H. AMILCAR, also known as "Drippy," and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, in the course of a violation of Title 18, United States Code, Sections 924(c) and 2, to wit: the use of a firearm during and in relation to the murder in-aid-of racketeering of Samuel Joseph, in violation of Title 18, United States Code, Section 1959(a)(1), did knowingly and intentionally cause the death of Samuel Joseph through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that AMILCAR and ▮▮▮▮▮▮, together with others, with malice aforethought, did unlawfully kill Samuel Joseph willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

9.      The United States hereby gives notice to the defendants that, upon their conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924, or used in any violation of any other criminal law of the United States.

5

10.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_Thomas J Paradis_
FOREPERSON

_By Carolyn Pokorny, Assistant U.S. Attorney_

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00851

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

MARTIAL H. AMILCAR, also known as "Drippy," and

███████████████████████████████

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 924(d)(1), 924(j)(1), 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____  *Thomas J. Parodi* _____
                                                                        *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                                *Clerk*

*Bail, $* _____  _____

**Devon Lash, Andrew P. Wenzel, Jessica K. Weigel and Joshua B.**
**Dugan, Assistant U.S. Attorneys (718) 254-7000**